## SIMEON GRAYBEAL v. DRURY POWERS.

### *Pleading—Amendment—Practice.*

Where the defendant in an action to recover possession of land answers admitting the possession but denying plaintiff's title, he cannot afterwards disclaim title and possession and put the plaintiff to proof of the adverse possession without an amendment of the pleadings.

(*Albertson* v. *Redding*, 2 Mur., 283; 1 Car. L. R., 274; *Squires* v. *Riggs*, 2 Hay., 150, cited and approved.)

CIVIL ACTION to recover Land tried at Spring Term, 1880, of ASHE Superior Court, before *Gilmer, J.*

The complaint alleges that the plaintiff is owner in fee simple and entitled to the possession of a certain tract of land described by metes and bounds, lying in the county of Ashe, and that the defendant entered upon it, cut down timber, and otherwise injured it and still wrongfully holds possession of the same.

The defendant in his answer denies the plaintiff's ownership and right to possession, admits that he entered and cut timber and holds the possession, but denies that his possession is wrongful.

The plaintiff claimed under a grant from the state dated the 14th of December, 1863, and the defendant under a grant dated the 13th of July, 1866.

A certain plat of the lands in dispute was introduced in evidence in which there was a red line running through the lands claimed by plaintiff from east to west; and a controversy having arisen on the trial as to the location of the defendant's grant, the defendant's counsel said, the controversy only extended to that portion of the land covered by the plaintiff's grant, which lay north of the red line, and offered to amend the answer if it meant otherwise, to which the plaintiff objected. His Honor consented to allow the

36

amendment upon terms which the defendant declined, and insisted he had the right to show that he had never had possession south of the red line, which the court refused to allow and the defendant excepted.

The defendant then disclaimed any title to any part of the land described and covered by plaintiff's grant, south of the red line, whereupon His Honor directed the jury to return a verdict for the plaintiff for all the land in his grant lying south of that line. A verdict was returned accordingly and judgment rendered in behalf of the plaintiff. There was then a motion for a new trial and the error assigned was the refusal of the court to admit the proof of no possession south of the red line without amendment of the answer, which was disallowed and the defendant appealed.

No counsel for plaintiff.
_Mr. G. N. Folk_, for defendant.

ASHE, J. The only question presented by the record is whether the ruling of His Honor in excluding the proof offered by the defendant upon the point of possession was erroneous. In an action to recover land the plaintiff must always prove the defendant in actual possession of some part of the land described in the complaint, unless the possession is admitted. The defendant here has admitted that he was in possession of the land, and the admission extended to every part of it. And having admitted in his pleading the possession of the whole tract sued for, it could not be allowed him in contradiction thereof, to prove that in fact he was not in possession of a certain part. The proofs must correspond with the allegations, not contradict them.

For the defendant to have availed himself of the defence which he has sought to set up in this case, he ought, in his answer, to have disclaimed title to all the land, described in the complaint, lying on the south side of the red line, and

denied that he had possession of any part thereof; and admitting the possession on the north side of the line, insisted that he had title thereto and that his possession was not wrongful.

The plaintiff might in that case have taken out his execution for the part disclaimed, but it would have raised a direct issue of title as to the land on the north side of the line, and the plaintiff would only have been entitled to recover if he could have shown a good title. *Albertson* v. *Redding*, 2 Mur., 283; 1 Car. L. R., 274 (28); *Squires* v. *Riggs*, 2 Hay., 150 (326).

The defendant having admitted in his answer the possession of the whole of the land covered by the plaintiff's grant, his disclaimer on the trial of that part lying on the south-side of the line was an admission of a wrongful possession and the plaintiff was entitled to a verdict. There is no error. The judgment of the court below is affimed.

No error. Affirmed.